**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4331**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RODNEY LAMAR SELF,

            Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:08-cr-00028-LHT-1)

Submitted:  July 14, 2010          Decided:  August 18, 2010

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North Carolina, for Appellant.  Edward R. Ryan, United States Attorney, Jennifer Lynn Dillon, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Lamar Self pleaded guilty to one count of unlawful possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (2006). After a Presentence Report (PSR) recommended that Self be subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2006), Self moved to withdraw his guilty plea, arguing that his attorney had told him he would receive a lesser sentence and had failed to discuss the option of filing pretrial suppression motions. Following a hearing, the district court denied the motion, concluding that none of the six factors enumerated in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), weighed in favor of granting the motion. Self filed a timely appeal, arguing that the district court should have granted his motion to withdraw and committed reversible error during his sentencing. We affirm.

Self's plea agreement with the Government provided that, regarding the sentence available to him:

> The maximum sentence is ten years imprisonment . . . . However, if, pursuant to 18 U.S.C. § 924(e)(1), the defendant has three previous convictions by any court for a violent felony or serious drug offense, the maximum sentence is life imprisonment, and a fine of $250,000. Under Section 924(e)(1), the statutorily required minimum sentence is fifteen years imprisonment and three years supervised release.
>
> . . . .

2

> [T]he defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count.

Self's plea agreement also contained an appeal waiver, which provided that Self waived his right to appeal "the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel or (2) prosecutorial misconduct." (emphasis omitted).

During the guilty plea colloquy conducted pursuant to Federal Rule of Criminal Procedure 11, Self acknowledged that he understood the charges against him, the potential penalties he faced, and the consequences of his plea. Self confirmed that the plea was not the result of "coercion, threats, or promises other than those contained in the written plea agreement." Self stated that he had discussed the plea agreement with his attorney, a public defender, and was satisfied with his assistance. Self also voiced his understanding that he waived his right to appeal his conviction and sentence and accepted the limitations on his right to appeal.

Self's PSR recommended that Self be subject to an enhanced sentence under the ACCA because he had eight prior convictions for armed robbery. Consistent with the ACCA, the PSR concluded that Self was subject to a statutory mandatory

3

minimum of fifteen years imprisonment. With a total offense level of 31 and a criminal history category VI, the guidelines range was 188 months to 235 months imprisonment.

Five months after his guilty plea, Self, who had subsequently retained private counsel, moved to withdraw his plea. At a hearing on the motion, Self testified that he did not discuss several issues with his prior attorney, most notably the possibility that he could move to suppress evidence obtained during a traffic stop and statements made to investigators, and that he did not closely read the plea agreement. Self also testified that he met with counsel on three occasions, and his attorney told him that he would receive no more than ten years imprisonment and his Guidelines range would be 51-63 months imprisonment.

The district court denied Self's motion to withdraw. The district court concluded that much of Self's testimony at the hearing was "flatly contradicted by his signed plea agreement and the answers that he gave under oath during the Rule 11 hearing." The district court observed that the plea agreement informed Self that he could be subject to the ACCA and that Self expressed confidence in his attorney during the Rule 11 hearing. The district court also noted that the five-month delay in filing the motion weighed against Self because it could

4

prejudice the Government and result in the waste of judicial resources.

The district court adopted the PSR, downwardly departed one level to level 30, and sentenced Self to the statutory mandatory minimum of 180 months imprisonment.

II.

Self first argues that the district court should have granted his motion to withdraw his guilty plea. We review the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007).

Federal Rule of Criminal Procedure 11 authorizes the withdrawal of a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant has no "absolute right" to withdraw a guilty plea, and the district court has discretion to decide whether a "fair and just reason" exists. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003). Accordingly, a district court's "inquiry is ordinarily confined to whether the

5

underlying plea was both counseled and voluntary." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks omitted). "A properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." Bowman, 348 F.3d at 414.

In considering a motion to withdraw a guilty plea, we have promulgated a list of non-exhaustive factors, including:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Ubakanma, 215 F.3d at 424. See also United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

Applying these standards, we conclude that the district court did not abuse its discretion in denying Self's motion. The district court found that each of these Moore factors weighed against Self in this case, particularly the first, second, and fourth factors. On appeal, Self contests the district court's ruling on those three factors, arguing that he has offered evidence of his innocence, and that he lacked close assistance of counsel, rendering his plea unknowing. We find these claims unavailing. Regarding his legal innocence, Self

6

claims that the only evidence that he possessed the handgun that is the basis for the conviction was that he honored a police request to turn over the weapon, and that acting pursuant to such "public authority" would leave him legally innocent to the § 922(g) charge.  See Fed. R. Crim. P. 12.3; see also United States v. Pitt, 193 F.3d 751 (3d Cir. 1999) (holding that public authority defense applies when government agent authorized defendant to commit an otherwise illegal act).  Self overlooks the fact, however, that he also gave extensive statements to investigators detailing his participation in the robbery and theft of multiple guns, including the handgun in question.

Regarding the first and fourth factors, Self relies on his testimony before the district court that his counsel never informed him of the option of filing suppression motions and affirmatively told him that he would get no more than ten years imprisonment.  Self argues that his statements during the Rule 11 colloquy that he was satisfied with his attorney were true at that time — he did not become unsatisfied until he received the PSR and became aware that he faced a fifteen-year mandatory minimum sentence.

Self does not dispute, however, that his plea agreement specifically mentioned both that he might be subject to the ACCA and that he should not rely on statements from his counsel regarding a potential sentence.  Self also does not

7

dispute that he signed the plea agreement and that, during the Rule 11 colloquy, he stated that he had read and understood all of the terms in the agreement. Thus, Self cannot show that his plea was unknowing or otherwise involuntary.

The remaining Moore factors — which Self does not even contest — either favor the Government or are neutral and, accordingly, the district court did not abuse its discretion in denying Self's motion.

Next, Self argues that his sentence should be vacated because the Government failed to provide proper notice that he might be subject to an enhancement under the ACCA. The Government requests enforcement of Self's appellate waiver as to this claim. A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. Blick, 408 F.3d at 168.

An appeal waiver does not, however, bar the appeal of a sentence imposed in excess of the statutory maximum or a

8

challenge to the validity of a guilty plea. <u>United States v. General</u>, 278 F.3d 389, 399 n.4 (4th Cir. 2002); <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992).

In this case, Self's plea agreement provided that Self waived his right to appeal "the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel or (2) prosecutorial misconduct." (emphasis omitted). During the Rule 11 colloquy, the magistrate judge confirmed that Self had graduated high school and taken two years of college courses and was not under the influence of any drugs or alcohol. The magistrate judge also made specific reference to the appeal waiver, and Self stated that he understood its ramifications. On appeal, Self does not argue that either of the situations described in <u>General</u> or <u>Marin</u> apply,[*] and the issue raised is within the scope of this broad waiver. Accordingly, we decline to address it.

## III.

For the foregoing reasons, we affirm Self's conviction and sentence. We dispense with oral argument because the facts

---

[*] Although Self's sentence of fifteen years imprisonment exceeds the statutory maximum for a conviction under 18 U.S.C. § 922(g)(1), the plea agreement specifically stated that Self could be subject to the ACCA, which would carry with it a fifteen year mandatory minimum. Accordingly, Self's sentence was not above the statutory maximum within the meaning of <u>Marin</u> or <u>General</u>.

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED